GEORGE KOUKLY and Others, Plaintiffs, *v.* JOSEPH N. WEBER, as President of the American Federation of ·Musicians, and Others, Defendants.*

Supreme Court, Bronx County, January 17, 1935.

*Harry Sacher,* for the plaintiffs.

*Henry A. Friedman* and *Marton M. Mandel* [*Seymour Mork* of counsel], for the defendants.

HAMMER, J.   Each of the plaintiffs has been found guilty by the executive board of the American Federation of Musicians of charges preferred by Edward Canavan, chairman of the governing board of Local 802 of the federation, as a member of Local 802, each fined $450, and in default of payment has been notified his name is to be erased from the membership lists of all locals of the federation.   Plaintiffs seek an order restraining the defendants from interfering with or depriving them of their rights as members during the pendency of this action which, upon the allegation that the plaintiffs have exhausted their remedies within the federation, is brought to annul said fines and threatened expulsion and to compel the rein-

---

* See, also, *Koukly* v. *Canavan* (154 Misc. 343).

statement of each of the plaintiffs to membership. The plaintiffs were charged with violation of article X, subdivision A, which reads as follows: " It shall be considered a violation and an act contrary to the principles and declarations as set forth in Article II of the Constitution if a member in any way places obstacles in the way of the successful maintenance of a local or violates any law, resolution or rule of the Federation for the violation of which no other penalty is provided in the Constitution, By-Laws or Standing Resolutions of the Federation or by any act or deed tries to induce or induces other members of the Federation to violate any law, resolution or rule of the Federation. A member guilty of a violation of this section shall be fined by the Executive Board of the American Federation of Musicians a sum of not less than $10.00 and not more than $5,000.00."

Most of the facts are identical with those in the action of *Koukly* v. *Canavan* (154 Misc. 343), decided just prior to this decision.

There was an attempted meeting of April second. Thereafter a resolution, of which Exhibit I annexed to the petition is a copy, was unanimously adopted on April ninth at a regular meeting of Local 802. The resolution provided for a special meeting of the local on May 4, 1934, for the report of the by-laws committee and fixed June 4, 1934, as the date for the election of officers and members of the governing board in place of the appointees of the executive board of the federation. Purported meetings of an association called or conducted in contravention of the constitution and by-laws clearly are not legal and all actions taken are void. (*Koukly* v. *Canavan, supra.*) The meetings of May fourth and June fourth, as well as the election, were nullities. The charges were filed on May 18, 1934, prior to the meeting or so-called election of June fourth, but over objection of plaintiffs what occurred on June fourth was accepted as evidence. The purported by-laws were adopted and a pseudo election held.

It has not been shown that any attempt was made to foist the purported by-laws or the allegedly elected officers upon Local 802, or that any active or actual interference was presented to the conduct of Local 802, or the federation, or to the functioning of the regular officers and committees or their agents, under and pursuant to the existing by-laws. Whether after receiving notice not to proceed from the chairman and secretary of Local 802, and the secretary of the federation, merely going through with the motions of the purported meeting and election and doing the things admittedly done thereat, which it would seem amounted to a passive demonstration, are illegalities punishable under the by-laws, are issues in my opinion which, in view of all the circumstances and the

conflicting affidavits, should await the trial for determination. That local autonomy, which had been consistently sought by the membership of Local 802 against the opposition of the officers thereof and persistently refused by the federation and its officers, the last time in 1932, on the ground that it was not shown to be desired by the membership, was not an obstacle to the successful maintenance of Local 802, seems to have been recognized in June, 1934, when the annual convention of delegates of the federation from all the affiliated locals on recommendation of the executive board granted local autonomy to the full extent demanded by Local 802 with the exception that the chairman of the governing board remained appointive by the executive board for the next ensuing two years.

The decision of the executive board finding the plaintiffs guilty of interposing obstacles to the successful maintenance of Local 802, despite its recommendation and the action of the convention, was given several months thereafter in September, 1934.

It seems to me that there are four matters, the legality of which is open to serious question and which should be determined upon the trial of this action. They are:

(1) That the plaintiffs placed obstacles in the way of the successful maintenance of Local 802.

It might well be held that the membership of the local were those acting and the plaintiffs were merely the instrumentalities or agents of the membership. If the acts done were practically the unanimous desire of the membership of the local, it may be questionable that obstacles were interposed to the successful maintenance of the local which seems to have been the charge made of which the plaintiffs were found guilty. Facts adduced on the trial might, of course, establish the contrary.

(2) That plaintiffs violated or attempted to induce or induced others to violate a law, resolution or rule of the federation.

The order, non-compliance with which plaintiffs were found guilty, might upon the mature deliberation of trial be held to be an injunctive mandate applicable to restrain particular threatened acts rather than a standing order, rule or resolution having the authority of law promulgated as a regulation of general application. Whether or not such order is punishable as here punished seems to me to be a matter for determination upon trial.

(3) That the requirement for the presentation of the evidence and testimony in affidavit form and the consideration thereof by the members of the executive board separately, without personal hearing, either by the entire board or a subdivision thereof and the opportunity to face accusers by cross-examination and the presentation of evidence and testimony of witnesses constituted a trial.

Unless the method of procedure is regulated by the laws of the association, it should be analogous to that observed in ordinary judicial proceedings in the public courts, so far at least as to promote substantial justice. It would seem then that the tribunal in which the charges originate should require that same be brought to the knowledge of the accused with opportunity to answer, explain and defend; to be faced with accusers; to present evidence and the testimony of witnesses, and have the right of cross-examination. Where the members of such a tribunal reside in widely separated places, it may be that it is impracticable to have hearings before all of the members, but such difficulty might readily be obviated by hearings before a subdivision of the tribunal. The issue of whether an original trial can be conducted and an original record made and the rights of the accused preserved, under the requirement of proceeding solely by affidavits, seems to present a very serious question to be determined upon trial.

An appeal differs from a trial in that it is a review on the original record, after that has been made in accordance with well-recognized principles of judicial procedure.

(4) The imposition of a fine of $450 on top of a previously imposed fine of $300 by the governing board of Local 802, of which the executive board had full knowledge, upon an average musician in these times of stress, depression and lack of employment might, upon the presentation of all the facts at trial, be held to be oppressive, unconscionable and illegal.

Since the enforcement, in advance of the trial of this action, by the officers of the federation and of Local 802 of the decision imposing the fines, and of the threatened expulsion for non-payment would in large measure nullify the judgment of the court in favor of the plaintiffs if they succeed and issues appear to be raised which cannot be determined in advance of trial, substantial justice requires that *pendente lite* the enforcement by defendants of the decision of the executive board be enjoined. Bond fixed at $500.